Dillon, J.
The plaintiff seeks to enjoin enforcement of an ordinance of the village of AVesterville, which in regulating pool rooms places a license of $15 on. each table. The plaintiff has six tables, so that under this ordinance it would cost him $90 per year for the privilege of operating the pool room.
That pool rooms require regulation, and indeed more than ordinary regulation, can not be questioned.
The attack upon the ordinance in question in this case, however, is based upon the claim that it is nothing more than a tax for raising revenue which, of course, is forbidden, and if not for that, perhaps it answers-the secondary purpose, to-wit: that there is a plan or scheme on the part of the village to prohibit pool rooms altogether.
I can not agree with either one of these contentions. So far as the ordinance itself must be construed by the court,_ it may be admitted that 'this license fee is high, and this would be especially true if there were a great many pool rooms in the Village of AVesterville, since one. or two officers at the most could very easily regulate a large number of. pool rooms and enforce the laws as to closing at 9 o ’clock, enforce the law as to minors, and preserve general order among those who are accustomed to congregate in and on the outside of a pool room. The village of AVesterville pays its officer now the sum of $150 per year. This is inadequate, and if plaintiff had to pay $90, still it would not be sufficient money to adequately pay for one or two men to keep order in the town generally. Indeed it was, I believe, shown at the trial of this ease that the village was without funds to pay more or to hire an additional officer. Nor will courts in determining whether or not the license is in effect a tax nicely measure and take into account the exact amount of m’oney which ought to be raised. The fact that the sum raised by the license exceeds what is actually necessary to regulate has been held over and over again not a reason for annulling the law. This has been held in regard to all revenue raised by license, and, indeed, it has been held that such money may be devoted to an entirely different fund.
Since, therefore, it was the legal right of the council to pass this ordinance, the motive which inspired it can not be inquired *107 into and can not be used as a means or a reason for annulling the ordinance, under the well settled doctrine that that which a man has a legal right to do can not be affected by the motive which inspires him to do it.
My opinion, therefore, is that the ordinance in question -is valid and the injunction prayed for must be denied and the action dismissed at plaintiff’s costs.